UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x

Allianz Global Corporate & Specialty SE,

                               Petitioner,

v.

HBC US Holdings Inc.,

                              Respondent.

----------------------------------------------------------x

No. 23-CV-553

**PETITION FOR APPOINTMENT OF UMPIRE**

Petitioner Allianz Global Corporate & Specialty SE ("Allianz"), by and through its attorneys, Clyde & Co US LLP, as and for its petition for an order appointing an umpire, pursuant to 9 U.S.C. §§ 5 and 206, alleges:

## INTRODUCTION

1. Petitioner Allianz and Respondent HBC US Holdings Inc. ("HBC") are parties to an arbitration ("the Arbitration") involving a dispute arising from an insurance policy that contains an arbitration agreement.[1] That arbitration agreement provides for mandatory arbitration before an arbitration panel consisting of two party-appointed arbitrators (one from each side) and a "competent and disinterested umpire" selected either by the party-appointed arbitrators or, should the party-appointed arbitrators fail to select an umpire within 15 days, by the Court.

2. By November 21, 2022, HBC had appointed Edward Zerbesky, Esq. as its party-appointed arbitrator, and Allianz had appointed Diane Nergaard, Esq. at its party-appointed

---

[1] There is another party in the Arbitration – Endurance American Specialty Insurance Company ("Endurance"). While Endurance is not a party to this court action, it is represented by the undersigned counsel in the Arbitration and has agreed to abide by the decision of this Court as to the selection of an umpire, and to arbitrate the parties' dispute in a consolidated arbitration proceeding. See January 23, 2023 Declaration of Michael A. Knoerzer ("Knoerzer Decl.") ¶ 2.

1

arbitrator. Pursuant to the arbitration agreement, the party-appointed arbitrators had fifteen days – until December 6, 2022 – to select a competent and disinterested umpire. They were unable to do so. Therefore, pursuant to the parties' arbitration agreement, Allianz now petitions this Court to appoint an umpire from the diverse list of competent and disinterested candidates set forth in Allianz's papers, as the Court is authorized to do pursuant to 9 U.S.C. §§ 5 and 206.

## THE PARTIES

3. Allianz is an insurance company organized under the laws of the European Union and the Federal Republic of Germany with its principal office in Germany. Knoerzer Decl. ¶ 3.

4. HBC is a Delaware corporation duly authorized to conduct business in New York with its principal place of business at 225 Liberty Street, 31st Floor, New York, New York 10281. *Id.* Ex. A. HBC describes itself as a diversified retailer that operates over 250 stores, with over 30,000 employees, its businesses including Saks Fifth Avenue and Saks Off 5th.

## JURISDICTION AND VENUE

5. The 1958 Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention" or "Convention"), 9 U.S.C. §§ 201-208, applies to arbitration proceedings that arise out of commercial legal relationships where at least one foreign party is involved. The New York Convention applies here because Allianz is a foreign party. This Court has subject matter jurisdiction pursuant to 9 U.S.C. § 203, which provides that an action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States and that the district courts of the United States shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy.

6. This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties to this action and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

7. This Court has personal jurisdiction over Respondent HBC because HBC is authorized to do business in New York and maintains its principal place of business in New York, New York.

8. Venue is proper because the parties' arbitration agreement provides that, should the party-appointed arbitrators fail to select an umpire within 15 days, the umpire shall be selected by a court "in the State where Insured's Home Office is situated." The "Insured" is HBC, whose home office is in New York, New York. Venue is also proper under 9 U.S.C. § 204.

## PROCEDURAL HISTORY AND RELATED FACTS

9. Allianz issued an "All Risks of Direct Physical Loss or Damage" insurance policy to HBC for the period from March 17, 2019 to March 17, 2020.[2]

10. On or about April 15, 2020, HBC submitted a notice of claim under the Policy (and other insurers' policies) seeking coverage for business interruption and other losses allegedly sustained by HBC in connection with the COVID-19 pandemic.

11. A dispute has arisen between Allianz and HBC as to whether HBC's claim is covered under the Allianz Policy and the amount of HBC's claim.

12. On November 19, 2020, HBC demanded arbitration pursuant to the arbitration agreement set forth in paragraph 26 of the Policy. *Id.* Ex. D.

13. By November 21, 2022, HBC had appointed Edward Zerbesky, Esq. as its party-appointed arbitrator, and Allianz had appointed Diane Nergaard, Esq. at its party-appointed arbitrator. *Id.* ¶ 7.

---

[2] *See* Knoerzer Decl. Exs. B, C (together, the "Policy"). The Policy was originally issued to Lord & Taylor Acquisition Inc. ("Lord & Taylor") as the Insured, however, pursuant to an endorsement, HBC replaced Lord & Taylor as the Insured on the Policy. *See* Ex. C at End. No. 18.

14. As of the date of this Petition, the party-appointed arbitrators have failed for more than 15 days to choose an umpire. *Id.* ¶ 8. Allianz has been advised that HBC's party-appointed arbitrator has rejected the candidates proposed by Allianz's party-appointed arbitrator, and has stated that the umpire must be selected from HBC's own list of candidates. This has resulted in an impasse between the two arbitrators. *Id.*

## CAUSE OF ACTION
### (Appointment of Umpire)

15. Pursuant to 9 U.S.C. §§ 5 and 206, and the parties' arbitration agreement, this Court has the authority to appoint an umpire because the party-appointed arbitrators have not selected an umpire within fifteen days of their appointment.

16. Therefore, Allianz respectfully requests that the Court appoint as umpire in the Arbitration one of the individuals from the following list of diverse and exceedingly qualified candidates:

   a. Barbara Jones
      https://bracewell.com/people/barbara-s-jones

   b. Christopher Droney
      https://www.daypitney.com/professionals/d/droney-christopher/

   c. Faith Hochberg
      https://www.judgehochberg.com/

   d. Royal Furgeson
      https://www.furgesonlaw.com/attorneys/royal-furgeson/

   e. Edna Sussman
      https://www.fedarb.com/professionals/adr-neutral-edna-sussman/

17. As demonstrated by their biographies, each of the candidates in the above list is unquestionably qualified to serve as umpire in the underlying insurance coverage dispute.

**REQUEST FOR RELIEF**

WHEREFORE, for the reasons stated above and in the accompanying Memorandum of Law, Knoerzer Declaration, and the exhibits attached thereto, Allianz petitions this Court to enter an order:

(i) appointing one of the candidates proposed by Allianz as umpire in the underlying Arbitration; and

(ii) granting such other and further relief this Court deems just and proper.

Dated:   New York, New York
        January 23, 2023

Respectfully submitted,

CLYDE & CO US LLP

By: */s/Michael A. Knoerzer*
    Michael A. Knoerzer
    Nicholas Magali
    Kyley Davoodi
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
T: (212) 710-3900
Michael.Knoerzer@clydeco.us
Nicholas.Magali@clydeco.us
Kyley.Davoodi@clydeco.us

*Attorneys for Petitioner*
*Allianz Global Corporate & Specialty SE*