UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLIANZ GLOBAL CORPORATE & SPECIALTY SE,<br><br>        Petitioner,<br><br>   -against-<br><br>HBC US HOLDINGS INC.,<br><br>        Respondent. | Case No. 1:23-cv-00553 (JLR)<br><br>**MEMORANDUM AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

    Petitioner Allianz Global Corporate & Specialty SE ("Allianz" or "Petitioner") commenced this action on January 23, 2023, seeking the Court's intervention to appoint an umpire in its pending arbitration with Respondent HBC US Holdings Inc. ("HBC" or "Respondent"). *See* ECF No. 1 ("Petition" or "Pet."). On January 31, 2023, HBC moved to dismiss the Petition on the grounds that the Court lacks jurisdiction over the Petition and the Petition is premature. *See* ECF No. 13 ("Br."). HBC alternatively requests that the Court appoint an umpire who had previously served as judge in New York state court. *See id.* at 7-8. Allianz filed its opposition to the motion to dismiss on February 7, 2023. *See* ECF No. 14 ("Opp."). HBC filed its reply on February 14, 2023. *See* ECF No. 17 ("Reply"). For the reasons set forth below, HBC's motion to dismiss the Petition is DENIED and the Court will appoint Judge Faith Hochberg as the neutral umpire.

                **BACKGROUND**

    This dispute arises out of an insurance agreement between Allianz, an insurance company organized under the laws of Germany and the European Union, with its principal office in Germany (Pet. ¶ 3), and HBC, a "diversified retailer" operating stores including Saks Fifth

Avenue, incorporated under the laws of Delaware with its principal place of business in New York (*id.* ¶ 4). According to the Petition, Allianz issued an "All Risks of Direct Physical Loss or Damage" policy to the retailer Lord & Taylor Acquisition Inc., covering the period from March 17, 2019 to March 17, 2020 (the "Policy"). *Id.* ¶ 9 & n.2. HBC replaced Lord & Taylor as the Insured on the Policy effective November 1, 2019. *See id.*; ECF No. 3-3 at 54. On or about April 15, 2020, HBC submitted a notice of claim, seeking coverage for losses arising out the COVID-19 pandemic. Pet. ¶ 10. Allianz disputed the claim, and in November 2020, demanded arbitration pursuant to the Policy. *Id.* ¶¶ 11-12. By November 21, 2022, the parties had each appointed one arbitrator (the "party-appointed arbitrators"): HBC appointed Edward Zerbesky, Esq., and Allianz appointed Diane Nergaard, Esq. *Id.* ¶ 13.

The policy provides the following:

> If the Insured and the Insurer fail to agree as to the amount of any claim payable hereunder, or the interpretation of this policy, then, on written demand of either, each shall select a competent and disinterested arbitrator and notify the other of the same within 20 days. The arbitrators shall then choose a competent and disinterested umpire and failing for 15 days to agree upon such umpire, the umpire shall be selected by a judge of the Court of record in the State where Insured's Home Office is situated. An award in writing by a majority of this arbitration panel filed with the Insurer, shall determine the amount of loss or interpretation of this policy and shall be binding upon the Insurer and the Insured. Each arbitrator shall be paid by the party selecting, and the expense of arbitration and the umpire shall be paid by the parties equally.

ECF No. 3-3 § 26. The parties do not dispute that this provision applies, nor do they dispute that they have each picked "a competent and disinterested arbitrator." They also agree that the party-appointed arbitrators (Mr. Zerbesky and Ms. Nergaard) have, thus far, failed to agree upon a competent and disinterested umpire. However, the parties dispute whether this Court has

2

jurisdiction to select the umpire, whether now is the appropriate time for the Court to appoint that umpire, and unsurprisingly, who that umpire should be.

## LEGAL STANDARDS

"A district court properly dismisses an action under [Federal Rule of Civil Procedure ("Rule")] 12(b)(1) for lack of subject matter jurisdiction if the court 'lacks the statutory or constitutional power to adjudicate it . . . .'" *Cortlandt St. Recovery Corp. v. Hellas Telecomms.*, 790 F.3d 411, 416-17 (2d Cir. 2015) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). "A Rule 12(b)(1) motion challenging subject matter jurisdiction may be either facial or fact-based." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). A motion "based solely on the allegations of the complaint or the complaint and exhibits attached to it" is a facial challenge. *Id.* On a facial challenge, the court must accept as true all material allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *Id.* at 56-57. "Alternatively, a defendant is permitted to make a fact-based Rule 12(b)(1) motion, proffering evidence beyond the [p]leading." *Id.* at 57; *see Bank of Am. Corp. v. Lemgruber*, 385 F. Supp. 2d 200, 213 (S.D.N.Y. 2005) ("[W]hen resolving issues surrounding its subject matter jurisdiction, a district court is not confined to the Complaint and may refer to evidence outside the pleadings, such as affidavits."). "[D]istrict courts have broad discretion when determining how to consider challenges to subject matter jurisdiction." *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 441 (2d Cir. 2022).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 72 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 680 (2009)). The Court draws all reasonable inferences in the Plaintiff's favor and accepts

as true all non-conclusory allegations of fact. *Id.* However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. A complaint must allege "more than a sheer possibility that a defendant has acted unlawfully" and more than "facts that are 'merely consistent with' a defendant's liability." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Determining whether a complaint states a claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## DISCUSSION

### I. Jurisdiction

HBC first argues that the Court does not have subject matter jurisdiction over this dispute. A petition to appoint an arbitrator is generally made pursuant to the Federal Arbitration Act ("FAA"), which "does not 'independently confer subject matter jurisdiction on the federal courts.'" *Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71 (2d Cir. 2012) (quoting *Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont*, 565 F.3d 56, 63 (2d Cir. 2009)). The Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention") – which is implemented through Chapter 2 of the FAA – provides a basis for federal subject matter jurisdiction in certain circumstances. *See* 9 U.S.C. § 201, *et seq.* Section 203 states that "[a]n action or proceeding falling under the [New York] Convention shall be deemed to arise under the laws and treaties of the United States" and "[t]he district courts of the United States . . . shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy." 9 U.S.C. § 203. Under Section 202, an action that falls under the New York Convention "(1) must arise out of a legal relationship (2) which is commercial in nature and (3) which is not

entirely domestic in scope." *Endurance Specialty Ins. Ltd. v. Horseshoe Re Ltd. on behalf of Separate Accts. HS0083 & HS0084*, No. 23-cv-01831 (JGK), 2023 WL 4346605, at *4 (S.D.N.Y. July 5, 2023) (quoting *Pike v. Freeman*, 266 F.3d 78, 85 n.4 (2d Cir. 2001)); *see also* 9 U.S.C. § 202.

Separately, federal courts also have subject matter jurisdiction, namely diversity jurisdiction under 28 U.S.C. § 1332(a)(2), "over actions where (1) the matter in controversy exceeds $75,000, exclusive of interest and costs, and (2) the action is between citizens of a state and citizens of a foreign state (so long as the foreign citizen is not lawfully admitted for permanent residence in the United States and domiciled in the same state)." *Rabinowitz v. Kelman*, No. 22-1747, --- F.4th ---, 2023 WL 4688183, at *3 (2d Cir. July 24, 2023).

HBC argues that the Court does not have subject matter jurisdiction over this dispute because Endurance – a non-diverse New York entity – is essentially a party to the arbitration, defeating subject matter jurisdiction. *See* Br. at 4-6.  In addition to HBC's policy with Allianz that is before this Court, ECF No. 13-3, HBC has a separate insurance policy with another carrier, Endurance, ECF No. 13-2.  HBC has commenced an arbitration with Endurance in addition to its separate claim against Allianz.  The parties appear to have selected the same party-appointed arbitrators, Mr. Zebersky and Ms. Nergaard, for each arbitration.  *See, e.g.*, Reply at 1-2.  HBC argues that not only would Endurance defeat complete diversity, but the contract between HBC and Endurance is an agreement between citizens of the United States under 9 U.S.C. § 202 such that it does not fall under the New York Convention.  *See* Br. at 4-6.  Allianz, however, argues that Endurance is not a party to the underlying arbitration, nor a necessary party to it, such that complete diversity exists and federal question jurisdiction lies under 9 U.S.C. § 203.  *See* Opp. at 2-3.  The Court agrees with Allianz.

While Allianz's counsel (who is also counsel for Endurance) stated that Endurance would be willing to abide by the decision of the Court to appoint an umpire here and would arbitrate in a consolidated proceeding with Allianz (ECF No. 3 ¶ 2), the parties have not agreed to that proposal (Opp. Br. at 3) and a separate action seeking the appointment of an umpire in the Endurance arbitration is currently proceeding in New York State Court (Br. at 5 n.2). Indeed, HBC explicitly objects to this Court taking any action with respect to Endurance. *See id.* at 5 ("[T]his court has not been asked to, and thus cannot, appoint an umpire to decide the Endurance-HBC arbitration"). Moreover, neither party asserts, and the Court sees no basis to conclude, that Endurance is a necessary party to this dispute. Therefore, HBC's argument that Allianz has "manufactured" subject matter jurisdiction by disregarding the citizenship of a nonparty in this case is unpersuasive. *See Doctor's Assocs. Inc. v. Tripathi*, No. 3:16-cv-00562 (JCH), 2016 WL 7406725, at *1 (D. Conn. Dec. 2, 2016) (rejecting argument that jurisdiction was manufactured by excluding a non-party to the arbitration from petition to compel arbitration), *aff'd sub nom. Doctor's Assocs., LLC v. Tripathi*, 794 F. App'x 91 (2d Cir. 2019). There is no reason to consider Endurance for purposes of determining subject matter jurisdiction, and the Court will not do so.

The Court therefore has two bases for subject matter jurisdiction in this case: federal question and diversity jurisdiction. Pursuant to 9 U.S.C. §§ 202-203, Allianz and HBC's agreement is a legal relationship that is commercial in nature, and between one domestic entity and one foreign entity. Accordingly, the Court has original jurisdiction so long as the dispute involves an "action or proceeding" falling under the Convention. While "[t]he Second Circuit has suggested that § 203 is a relatively narrow jurisdictional grant, limited to 'compel[ling] arbitration or to enforc[ing] an arbitral award,'" in "subsequent cases" courts "have construed

§ 203 somewhat more broadly," though "these expansions have remained tightly intertwined with the arbitration proceedings or awards." *Republic of Kaz. v. Chapman*, 585 F. Supp. 3d 597, 605 (S.D.N.Y. 2022) (collecting cases). In a recent opinion out of this district, *Endurance Specialty Insurance Ltd.*, the court concluded that subject matter jurisdiction under the New York Convention extended to a petition to disqualify and replace an arbitrator presiding over an ongoing arbitration. 2023 WL 4346605, at *5. The court reasoned that the request was "intimately intertwined with an international arbitration" because the "very purpose" of the petition was to "enforce the arbitration provision requiring the appointment of 'completely impartial' arbitrators in the parties' Bermuda-based arbitration." *Id.* The Court finds this reasoning persuasive, and adopts it here. A petition to enforce the arbitration agreement and appoint a "competent and disinterested umpire" as provided under the agreement is certainly "intimately intertwined" with the arbitration agreement between German and U.S. companies. The Court therefore concludes that § 203 extends to a petition to appoint an arbitrator in this dispute between Allianz, a foreign entity, and HBC, a U.S.-based company.

Even if § 203 did not establish subject matter jurisdiction over this Petition, the Court otherwise has diversity jurisdiction over the parties because Allianz is a citizen of Germany, and HBC is a citizen of Delaware and New York. Endurance is not a party to this action and therefore complete diversity exists. HBC further does not appear to dispute that over $75,000 is in dispute, as alleged in the Petition. Thus, the Court has diversity jurisdiction over the dispute as well.[1]

---

[1] To the extent HBC argues that state court adjudication of contractual rights in arbitration agreements is more appropriate under *Badgerow v. Walters*, 142 S. Ct. 1310, 1321 (2022), *see* Br. at 6, the Court rejects that argument here. *Badgerow* did not address the issue before this Court and instead dealt with subject matter jurisdiction over petitions to confirm or vacate arbitration awards under the Federal Arbitration Act and the need for subject matter jurisdiction

7

## II. Maturity of Dispute

HBC next moves to dismiss the Petition pursuant to Rule 12(b)(6) as premature. Under the FAA, "[i]f in the agreement[,] provision [is] made for a method of naming or appointing an arbitrator . . . or an umpire . . . such method shall be followed . . . ." 9 U.S.C. § 5. However, if there is "a lapse in the naming of an arbitrator . . . or umpire" under the agreement, and a party to a controversy makes an application to the court, the "court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require . . . ." *Id.*; *see also Stop & Shop Supermarket Co. LLC v. United Food & Com. Workers Union Loc. 342, AFL-CIO, CLC*, 246 F. App'x 7, 11 (2d Cir. 2007) ("Notwithstanding the existence of such a provision, a district court has the duty under FAA § 5 to step in and appoint an arbitrator if either of the following conditions pertains: (1) one party fails to avail itself of the contractual selection method, or (2) there is a lapse in the naming of the arbitrator.").

HBC argues that the Petition is premature and should be dismissed because a "condition precedent" has not been met; that is, there has been no "lapse" requiring the Court's intervention. Br. at 7. HBC argues that the agreement provides that the court shall only appoint the umpire if the party-selected arbitrators "fail[ed] for 15 days to agree upon" the umpire, ECF No. 3-3 § 26, and this has not occurred because "negotiations continue even now," Br. at 7. The Court does not agree that this Petition should be dismissed as premature.

The Second Circuit has held that a "'lapse' occurs where the parties have embarked on a contractually agreed-upon umpire selection process by proposing candidates to serve as umpire

---

to be evident from the petition itself. *Id*. at 1316. Indeed, the Supreme Court in *Badgerow* reinforced that where, as here, an application related to an underlying arbitration "shows that the contending parties are citizens of different States (with over $75,000 in dispute), then § 1332(a) gives the court diversity jurisdiction." *Badgerow*, 142 S. Ct. at 1316.

8

but cannot agree on a candidate." *Certain Underwriters at Lloyd's, London v. Falls of Inverrary Condos., Inc.*, No. 22-cv-08612 (VEC), 2023 WL 2784513, at *1 (S.D.N.Y. Apr. 5, 2023); *Odyssey Reinsurance Co. v. Certain Underwriters at Lloyd's London Syndicate 53*, 615 F. App'x 22, 22-23 (2d Cir. 2015) (stating that a "lapse" for purposes of Section 5 of the FAA is "'a lapse in time in the naming of the arbitrator or in the filling of a vacancy on a panel of arbitrators, or some other mechanical breakdown in the arbitrator selection process,' including a 'deadlock' in the naming of an arbitrator" (quoting *In re Salomon Inc. S'holders' Derivative Litig.*, 68 F.3d 554, 560 (2d Cir.1995))); *see also Stop & Shop Supermarket Co*, 246 F. App'x at 11 ("Each party had designated its own pick, whom the other side refused to recognize as the legitimate arbitrator.  Such a deadlock satisfies FAA § 5's requirement of a 'lapse in the naming of an arbitrator.'").

Allianz filed this Petition on January 23, 2023, over two months from the date that their party-appointed arbitrators were selected.  That the party-appointed arbitrators are continuing to negotiate and exchange umpire names many months later does not change the fact that there has been a "lapse" for more than 15 days. *See Certain Underwriters at Lloyd's, London*, 2023 WL 2784513, at *1 (granting petition to appoint arbitrator and rejecting argument that the petition was premature merely because the parties were still negotiating).  Accordingly, HBC's argument that the Petition is premature fails.

**III.    Appointment of Umpire**

Having determined that the Court has jurisdiction over the Petition, and that it is not premature, the Court will appoint a "competent and disinterested" umpire as outlined in the policy. *See Spliethoff Transp. B.V. v. Phyto-Charter Inc.*, No. 20-cv-03283 (JPO), 2021 WL 1947772, at *1 (S.D.N.Y. May 13, 2021) (construing a motion to dismiss a petition to compel

9

arbitration and appoint an arbitrator as opposition to the petition). The parties have each provided the Court with their candidates for the umpire position in the Petition and in their papers on the motion to dismiss, and HBC has expressly asked the Court to make an appointment if the Court finds that it has jurisdiction over the Petition. *See* Br. at 7-8 (requesting Judge John Leventhal, Judge James Catterson, Judge David Saxe, Judge Jonathan Lippman, or Judge George Silver (together, "HBC's Candidates")); Reply at 2-3 (same); Pet. ¶ 16 (requesting Judge Barbara Jones, Judge Christopher Droney, Judge Faith Hochberg, Judge Royal Furgeson, or Ms. Edna Sussman (together, "Allianz's Candidates")); Opp. at 10 (same). The Court has reviewed the websites and other online biographies of both HBC's Candidates and Allianz's Candidates, as the parties have not otherwise submitted their candidates' resumes, questionnaires, or other materials. *See Odyssey Reinsurance Co.*, 615 F. App'x at 23 n.2 (holding that a district court may examine a candidate's "qualifications to serve" as umpire as an incidental exercise of its authority to appoint an umpire pursuant to FAA § 5).

  The arbitration agreement in the Policy provides only that the umpire be "competent and disinterested." ECF No. 3-3 § 26. The Policy does not articulate any other necessary qualifications, and the parties have not objected to the qualifications or competence of any of the candidates suggested. HBC urges the Court to select a former New York state judge, preferably one who has been involved in earlier arbitrations regarding related claims between HBC and other insurers in the tower of coverage. Br. 7-8. Allianz objects to the umpires suggested by HBC who have "sat on previous tribunals involving HBC's related coverage disputes with other similarly situated insurers . . . ." Opp. Br. at 11. In response, HBC points to both Judges Lippman and Silver who have "not been involved in any arbitrations from this claim to date . . . ." Reply at 3.

The Court has considered all of the arguments of the parties and closely reviewed the credentials of all of the suggested candidates. All of the candidates are qualified and would assuredly be excellent umpires. Without deciding whether arbitrators who have been involved in other arbitrations stemming from HBC's insurance claim in this matter are disinterested or not, in an abundance of caution, and because there are so many excellent candidates presented here, the Court will select an umpire who has not been involved with prior arbitrations concerning this claim. The Court also finds, and neither party disputes, that an umpire with familiarity with insurance matters and complex contract disputes would be well suited for this matter. The Court therefore appoints Judge Faith Hochberg, former United States District Judge for the District of New Jersey as the umpire. Her online biography details her qualifications, including most notably experience adjudicating complex contract litigation and insurance matters. *See* https://www.judgehochberg.com/about-1; https://www.judgehochberg.com/representative-matters. She satisfies the requirements of the agreement and would ably serve as an umpire here.

## CONCLUSION

Accordingly, the motion to dismiss the Petition is denied and the Court exercises its authority under the FAA and the terms of the parties' arbitration agreement to appoint Judge Faith Hochberg as umpire.

The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 13 and to CLOSE this case without prejudice to either party reopening it within thirty days if Judge Hochberg does not or cannot accept appointment as the umpire. Any application to reopen

**must** be filed **within thirty days** of this Order; any application to reopen filed thereafter may be denied solely on that basis.

Dated:  August 4, 2023
       New York, New York

                                          SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge